UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

GERALD B. WILSON,

    Plaintiff,

v.

No. 5:20-CV-267-H

TEXAS CIVIL COMMITMENT
CENTER FACILITY DIRECTOR,

    Defendant.

### ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Gerald B. Wilson filed his Complaint on November 12, 2020, followed by a de facto Amended Complaint on December 14, 2020. Dkt. Nos. 1, 8. On May 11, 2021, United States Magistrate Judge D. Gordon Bryant recommended that the Court dismiss all of Wilson's claims with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 20. Wilson filed his objections to Judge Bryant's report and recommendation on May 20, 2021. Dkt. No. 21. After reviewing the objections and the relevant filings, the Court finds that the objections should be overruled.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to proposed findings, conclusions, and recommendations for plain error. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 (5th Cir. 2013) ("[P]lain error review applies when a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court, so long as the party was served with notice of the consequences of failing to

object.") (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1)).

Wilson's sole objection pertains to Judge Bryant's characterization of prisoner-related claims regarding access to the courts as "instructive" on the issue of whether this case should be dismissed under Section 1915(e)(2)(B). Dkt. No. 21 at 1–2. Wilson contends that involuntary inpatient treatment does not subject individuals to prison-like conditions and that the Court is precluded from considering prisoner-related cases in addressing the merits of his claim. *Id.* at 2. But both prisoners and civil committees have a constitutional right of access to the courts. *See Welsh v. Correct Care Recovery Sols.*, 845 F. App'x 311, 319 (5th Cir. 2021). And the Fifth Circuit has previously considered analogous prisoner-related cases in resolving the rights of involuntary civil committees. *Id.* ("We have previously applied *Lewis* to an access-to-courts claim raised by a civilly committed SVP.") (citing *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *Day v. Seiler*, 560 F. App'x 316, 318–19 (5th Cir. 2014)). Specifically, the Fifth Circuit has done so in cases addressing access-to-courts claims raised by a civil committee. *Id.* The Court acknowledges Wilson's argument that he is not a prisoner and has distinct rights from a prisoner, but that does not preclude it from considering analogous prisoner cases as the Fifth Circuit has done. Therefore, the Court may consider prisoner-related cases when resolving a civil committee's rights. Accordingly, Wilson's objection is overruled.

The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error and finds none. Furthermore, the Court, has reviewed the objected-to portions of the FCR de novo and overruled the objections. Accordingly, the Court accepts Findings, Conclusions, and Recommendation of the United States Magistrate Judge and

dismisses all of Wilson's claims against all defendants with prejudice for failure to state a claim under 28 U.S.C. § 1915. The Court will enter a judgment in accordance with Federal Rule of Civil Procedure 58 in a separate document.

So ordered on June 28, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE